# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-cr-00056-JCM-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| JORGE NAVARRO, | |
| Defendant. | |

This matter is before the Court on Defendant Jorge Navarro's Emergency Motion to Consider Release in Order to Attend Funeral Services (ECF No. 54), filed on September 29, 2020. The Court ordered the Government to file a response by September 30, 2020. (ECF No. 55). The Government timely filed its Response in Opposition to the Defendant's Emergency Motion (ECF No. 57) on September 30, 2020. The Defendant filed a Reply on October 1, 2020. (ECF No. 59). The Court finds this matter appropriately resolved without a hearing because there are no material issues of fact relating to the Court's decision that necessitate an evidentiary hearing.

### I.   BACKGROUND

Navarro's emergency motion requests that he be released in order to attend the funeral services of his father in Mission Hills, California. In his emergency motion, Navarro cites to no authority justifying his release. He simply suggests that he could be transported from the Southern Desert Correctional Center, where he is currently held, to the United States Marshal Service at the United States Federal Courthouse in Las Vegas where he would be released for two (2) days to attend the funeral. Navarro suggests his wife could drive him to California to attend the service and bring him back shortly thereafter to self-surrender to custody. Navarro further states that he would reside with his mother in New Hall, California while he is released and that

he could be fitted with an electronic monitoring device if necessary.  The emergency motion provides no other analysis as to how the Bail Reform Act applies to this request or why this Court should reconsider the order of detention pending trial issued on March 7, 2019.  (ECF No. 25).

The Government opposes Navarro's request for release.  (ECF No. 57).  In short, the Government outlines the procedural background that led to Navarro's detention.  In doing so, it highlights the detention order and the justification for it.   Further, the Government argues that no other authority or change in circumstance has been provided to the Court to justify Navarro's temporary release from detention to attend the funeral.  The Government also contends that Navarro's proposal does not address the danger concerns that existed at the time of his original detention and still exist.  Finally, the Government argues that Navarro's proposal for his release fails to address the Court's prior detention order and fails to provide any new information that would justify the Court granting Navarro's temporary release.

Navarro replies that the logistics of being temporarily released are not difficult.  He cites to Title 18 U.S.C. §3142(i) as the authority for the Court to temporarily release him for the purposes of attending his father's funeral.  (ECF No. 59).  Navarro urges the Court to exercise its discretion to temporarily release him under the unique and compelling circumstances that his father has passed away and he would like to attend the funeral.

**II.      DISCUSSION**

Title 18 U.S.C. §3142(i) permits the court to order temporary release of a defendant "for preparation of the persons defense or for another compelling reason."  The Court is not aware of any case law that would define "another compelling reason" and the parties did not provide any authority further defining that term under the meaning of the Bail Reform Act.  Navarro simply argues that this Court should order his temporary release because his father's death and his attendance at the subsequent funeral is such a unique and compelling circumstance that §3142(i) warrants release.  The Court is unpersuaded by this argument.

 On March 3, 2020, Navarro was charged in a sixteen-count indictment along with a co-defendant.  He is subject to numerous counts of distributing and possessing with intent to distribute controlled substances, among other charges.  Several of these charges carry five-year

mandatory minimum sentences. One of the charges carries a ten-year mandatory minimum sentence given the amount of drugs Navarro is alleged to have possessed with intent to distribute. Finally, Navarro is also charged with possession of a firearm in furtherance of a drug trafficking crime that also carries a mandatory minimum five-year sentence to be served consecutively with any other sentence imposed in the case. On the basis of these charges, and other information contained in the Pretrial Services report, the Government moved for detention after Navarro was indicted.

After a detention hearing on March 7, 2019, the Court issued an order detaining Navarro pending trial. (ECF No. 25). After hearing extensive argument regarding the issue of pretrial release or detention, the Court found that Navarro was a danger to the community, finding, among other things:

> [D]efendant's criminal history reflects three prior felony convictions in 2001 for theft and burglary related offenses, in 2011 for threatening crime with attempt to terrorize, and in 2013 for burglary in the second degree for which he was sentenced to a term of four years in custody, as well as a subsequent drug related offense. It appears that the offenses charged in the indictment in this case occurred while the defendant was on active probation with Los Angeles Probation Department on a felony federal supervision case. A warrant was issued on that case for which the Probation Department indicated it would be seeking evocation of his current release. The defendant's criminal history further reflects the use of additional Social Security numbers and two additional dates of birth.

(ECF No. 25 Order of Detention Pending Trial). Nothing in the record nor anything alleged by Navarro in his motion for temporary release changes the facts and circumstances that led the Court to originally order Navarro's detention. The only difference alleged by Navarro is the death of his father and his funeral arrangements.

While the Court sympathizes with Navarro for the loss of his father, Navarro remains a danger to the community such that his temporary release to attend the funeral services for his father in Southern California is not warranted. Navarro's significant criminal history contains several felony convictions. Further, the Court notes that he has been arrested several times for violations of his terms of release and committed the instant offense while on probation in California. This

indicates to the Court that Navarro should not be released for the purposes of traveling to California for his father's funeral.

The conditions suggested by Navarro for release to attend the funeral are also not compelling such that this Court can grant his release. In detaining Navarro, the Court rejected the suggestion that Navarro reside with his wife while the case was pending, that Navarro's wife accept third-party custodian while the case was pending, or that he otherwise be placed on electronic monitoring to address danger concerns. Suggesting that these alternatives would somehow address danger concerns if Navarro was temporarily released is not satisfactory without any new evidence or information indicating that Navarro would somehow abide by these conditions. Thus, Navarro's suggestion that conditions previously rejected by the Court would somehow satisfy danger concerns such that Navarro should be temporarily released to attend his father's funeral simply are not persuasive to the Court.

There is no question that Title 18 U.S.C. §3142(i) permits the court to order Navarro's temporary release for "another compelling reason." The death of Navarro's father and his subsequent funeral, while tragic and disheartening, do not rise to the level of another compelling reason to release Navarro temporarily to attend the funeral given the record in this case and the previous detention order. As such, the Court will deny Navarro's emergency motion for release to attend funeral services.

### III.     CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Jorge Navarro's Emergency Motion to Consider Release in Order to Attend Funeral Services (ECF No. 54) is **denied**.

DATED: October 2, 2020.

                                            DANIEL J. ALBREGTS
                                            UNITED STATES MAGISTRATE JUDGE